

**Richard A. Bodnar**
Counsel

1251 Avenue of the Americas
New York, New York 10020

**T**: 973.422.6476
**F**: 973.422.6477
**E**: rbodnar@lowenstein.com

May 13, 2019

**VIA ECF (JOINT LETTER)**

The Hon. Colleen McMahon, U.S.D.J.
United States District Court Southern District of New York
500 Pearl Street,
Room 24A New York, New York 10007

**Re:** *Pennant Master Fund LP, et al. v. Signet Jewelers Limited et al.* **19-cv-02757**
*The Alger Funds, et al. v. Signet Jewelers Limited et al.* **19-cv-02758**

Dear Judge McMahon:

Please accept this joint letter on behalf of the parties in the above captioned actions explaining the basis for the stipulation being filed simultaneously, and further please accept this letter as the parties joint request that Your Honor "so order" the relevant stipulation.

On March 27, 2019, Pennant Master Fund LP, and Pennant Windward Master Fund, LP (the "Pennant Funds" or the "Pennant Plaintiffs") filed an action against Signet Jewelers Limited ("Signet") and certain of its former and current officers and directors (collectively, and with Signet, "Defendants"). On the same day, a number of entities associated with Fred Alger Management, Inc. (the "Alger Entities" or the "Alger Plaintiffs") filed a complaint against Defendants as well (the Alger Plaintiffs together with the Pennant Plaintiffs, the "Direct Action Plaintiffs"). The Direct Action Plaintiffs are represented by Lowenstein Sandler LLP. Defendants are represented by Weil, Gotshal & Manges LLP.

The Direct Actions Plaintiffs have brought direct (as opposed to class) claims against Signet for violations of the Securities Exchange Act of 1934, as well as under state law (the two lawsuits referred to herein as the "Direct Actions"). The claims in the Direct Actions are similar to the claims in the securities class action pending before Your Honor: *In re Signet Jewelers Limited Securities Litigation* 1:16-cv-06728-CM (S.D.N.Y.) (the "Class Action"). Upon filing the complaints in the Direct Actions, the Direct Action Plaintiffs also caused to be filed related case statements relating their cases to the Class Action, and Your Honor has accepted the cases as so related.

The Direct Actions are similar to the Class Action in that they concern similar (and in many instances, the same) alleged misrepresentations or omissions by Defendants; allege similar (and in some cases, the same) corrective disclosures of the misrepresented or omitted information as the Class Action; and allege 10b-5 and 20a claims similar to the Class Action, while also alleging additional claims on similar facts (for example, state law claims).

The Hon. Colleen McMahon, U.S.D.J.                                          May 13, 2019
                                                                                     Page 2

Because of the similarity of many of the allegations in the Direct Actions and the Class Action, a number of issues that have been, or likely will be, litigated in the Class Action share a close relationship to issues in the Direct Actions.  For example, on November 26, 2018, this Court considered Defendants' motion to dismiss the operative Class Action complaint, which concerned misrepresentations and omissions that form the core of the Direct Actions (although the Direct Actions allege additional legal claims) and on March 15, 2019, a motion to certify a plaintiff class was filed, which involves certain issues of price impact and market efficiency that would also likely be litigated in the Direct Actions (at least with regards to the fraud on the market presumption of reliance).[1]   The Parties also anticipate that for certain substantive issues or discovery issues, the Class Action will involve issues of fact and law that would be similar to issues in the Direct Actions going forward.

Recognizing that the Direct Actions are significantly 'behind' the Class Action at this point (with the Class Action pending for over three years in this court, past a motion to dismiss, and into discovery)[2], and that issues decided in the Class Action will likely streamline much of the otherwise duplicative litigation in the Direct Actions, and in the interest of judicial economy and conserving the Parties' resources, the Parties negotiated a stipulation that would stay the Direct Actions until the conclusion of the Class Action, while providing the Parties the ability to terminate the stay and litigate the matter with notice.

A similar stay was entered (via unopposed motion) in the matters *Discovery Global Citizens Master Fund, Ltd. Et al v. Precision Castparts Corp. et al*, 18-cv-01468 (D. Ore.) [Dkt. No. 10], and *The Alger Funds, et al. v. Precision Castparts Corp. et al*, 18-cv-01465 (D. Ore.) [Dkt. No. 10], and similar stays in favor of further activity in an extant class case have also been used to conserve judicial economy in cases in the Second Circuit, including in *Schwab Capital Trust et al. v. Teva Pharmaceutical Industries Ltd. et al* 19-cv-00192 (D. Conn.) [Dkt. No. 27] and other actions.

Here, the Parties ask the Court to "so order" the stipulation providing for a stay, and will provide the Court status reports at six month intervals.

In addition, the Parties respectfully submit that a case management plan in this action is premature. The Parties respectfully submit that all relevant deadlines should be keyed to the dissolution of the stay (as set out in the stipulation).

We appreciate the Court's attention to this matter.[3]

---

[1] If a class is ultimately certified, the Direct Action Plaintiffs anticipate they would "opt out" of that Class given the opportunity and pursue their direct claims.
[2] The Parties note that, as Your Honor is no doubt aware, unlike in a 'usual' case, the Private Securities Litigation Reform Act stays all discovery upon the filing of any motion to dismiss in a securities action such as this.  Thus, if Defendants were to move to dismiss even a portion of Plaintiffs' claim the Direct Actions could not move into discovery, and will remain (and fall farther) behind the Class Action.
[3] As noted above, this letter is being submitted jointly with Defendants.  The Parties otherwise reserve all rights.



The Hon. Colleen McMahon, U.S.D.J.                                    May 13, 2019
                                                                           Page 3

Respectfully Submitted,

Richard A. Bodnar

RB:

